**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

DUNAVANT ENTERPRISES,
INC., *et al*                                                                           PLAINTIFFS

V.                                                                                              CIVIL ACTION NO.
                                                                                                2:08-CV-005-M-A

DESOTO COUNTY SCHOOL BOARD
OF EDUCATION, *et al* and
ALLEN & HOSHALL, INC.                                                      DEFENDANTS

## ORDER

The plaintiffs Dunavant Enterprises, Inc. and Central States Investment Co. ask the court to compel the defendants' expert, Mr. Hargraves, produce prior versions of his expert report. Docket # 68. During the deposition of Hargraves on September 2 and 3, 2009 the plaintiffs determined that Hargragves produced drafts of his expert report that were revised following discussion with defense counsel. Docket # 68, p. 2. Defense counsel refused to produce the prior versions of the expert report or allow Hargraves to answer deposition questions regarding the conversations between the expert and counsel on the basis that the drafts and communications were privileged or were protected work product. Docket # 68, p. 2; Docket 72, Ex. A.

Rule 26(a)(2)(E) of the Uniform Local Civil Rules of the United States for the Northern District of Mississippi and the Southern District of Mississippi clarifies the issue presented in this case – the disclosure of draft reports and communications between counsel and experts. L.U.Civ.R. 26(a)(2)(E) states:

Fed.R.Civ.P. 26(b)(3) protects drafts of any report or disclosures required by
Fed.R.Civ.P. 26(a) and communications between the party's attorneys and the witness,
regardless of the form of the communication, except to the extent the communication relates to:
(i) compensation for the expert's study or testimony; (ii) identity of facts or data that the party's

attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identity of assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed.

Accordingly, drafts of the Hargraves' report are protected from disclosure, and the communications between defense counsel and Hargraves are generally protected from disclosure. However, particular communications between defense counsel and Hargraves that provided facts or data which Hargraves considered or assumptions upon which he relied in forming [or refining] his opinion are discoverable in accordance with L.U.Civ.R. 26(a)(2)(E). It would be inappropriate for the court to speculate on the content of the conversations between defense counsel and Hargraves, and defendant did not produce a privilege log for review; consequently, to the extent that the communication between Hargraves and defense counsel contained facts or data that Hargraves considered or other assumptions he relied upon in forming his opinion, the defendants must produce that information. Consistent with this Order, the defendants remain entitled to invoke the attorney-client privilege and the work product doctrine in accordance with L.U.Civ.R. 26(a)(1)(C) when responding to plaintiffs' inquiries.

Accordingly, it is **ORDERED**

That the plaintiffs' motion to compel is **DENIED in part** and **GRANTED in part**

This the 1st day of December, 2009.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE