# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

DUNAVANT ENTERPRISES, INC., and
CENTRAL STATES INVESTMENT CO.          PLAINTIFFS

v.                          Case No. 2:08-CV-005-M-A

DESOTO COUNTY SCHOOL BOARD DEFENDANTS/
OF EDUCATION, and MILTON KUYKENDALL,
In his official capacity as Superintendent of the      DEFENDANTS/
DeSoto County School Board of Education      THIRD-PARTY PLAINTIFFS

v.

ALLEN & HOSHALL, INC.,          THIRD-PARTY DEFENDANT

### ORDER

The court presently has before it defendants' motions to limit or exclude the testimony of

various plaintiffs' expert witnesses in this case. The court first considers the motion to exclude

the testimony of David Docauer and Vince Thillien. Docauer and Thillien are engineers and

employees of ETI, an engineering firm based in Memphis, Tennessee. ETI was retained by the

plaintiffs in 2007 to analyze flood and drainage issues impacting their property as a result of the

school construction project in this case.[1] Defendants seek to exclude these witnesses based

largely on plaintiffs' failure to properly designate them as expert witnesses in this case. In

particular, defendants point to plaintiffs' failure to specify that these witnesses would offer

testimony regarding the standard of care of engineers or that they would testify that defendant

---

[1]This court discussed the particulars of this project in its January 7, 2011 order denying
summary judgment, and it will not repeat this discussion here.

Allen & Hoshall had failed to comply with this standard in this case.

From reviewing plaintiffs' original and supplemental expert designations, it does seem clear that the designations of Docauer and Thillien fell short of what is required by Federal Rule of Civil Procedure 26, which requires, *inter alia*, that the following information be provided:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Plaintiffs made very little mention of Docauer in their disclosure, and, while they did disclose fairly extensive testimony to be offered by Thillien, they did not disclose any intent for him to testify that Allen & Hoshall had acted negligently in this case. Defendant asssserts that it was not until Thillien's second deposition that it learned that he intended to offer expert testimony that it had acted negligently in this case. Plaintiffs appear to tacitly concede in their briefing that there were deficiencies in their expert disclosures, and there can be little doubt that such is the case.

It is apparent, however, that these deficiencies were much greater as they relate to Docauer than as to Thillien. As to Docauer, the court sees no mitigating circumstances which would permit it to excuse plaintiffs' wholesale failure to give defendants' notice of his planned expert testimony in this case. The court therefore has little difficulty in concluding that defendants' motion to exclude Docauer's expert testimony should be granted. There are, however, mitigating circumstances as they relate to Thillien. In particular, the court notes that in June 2007, prior to the filing of this lawsuit, defendants were provided with a written report prepared by Thillien on behalf of ETI. This report was later followed by a second report, submitted after the filing of this lawsuit, expanding upon his conclusions in the first.

In these reports, Thillien did not explicitly state that Allen & Hoshall engineers had acted negligently, but he did find that their engineering work had exacerbated the flood risks on adjoining property owned by plaintiffs. Allen & Hoshall argues that this report was insufficient to put it on notice of Thillien's view that it acted negligently, writing that "it is quite possible for any owner to develop property which causes adverse effects in the complete absence of any negligence on the part of its professional engineer." While this argument may have some truth to it, it also strikes the court as being somewhat disingenuous. The court notes that Thillien's first report was followed by the filing of a complaint which alleged negligence on the part of Allen & Hoshall with a high degree of specificity. Indeed, the complaint devotes almost three pages to specific and detailed allegations relating to the precise manner in which defendant's alleged creation of a flood risk on plaintiff's property constituted negligence. Accordingly, defendant knew from the initial filing of this lawsuit that it would have to defend itself against allegations that it acted negligently in creating a flood risk on plaintiffs' property. This is the central allegation of this case. The court therefore has considerable skepticism regarding defendant's assertion that it suffered any kind of fundamental unfairness or genuine surprise when Thillien specifically testified in his second deposition regarding his view that defendant had acted negligently in this case. Indeed, it strikes this court as being very unsurprising that a plaintiffs' expert would offer opinions that a defendant had acted negligently in a negligence case.

In light of the foregoing, the court does not believe that it would serve the interests of justice to essentially hand defendants a victory in this lawsuit by excluding all expert testimony on the issue of negligence, when defendants clearly knew from the complaint exactly what conduct on their part was alleged to be negligent. At the same time, the court concludes that plaintiffs must face serious

repercussions for their failure to comply with the Rules of Civil Procedure. As discussed below, the court has attempted to fashion a remedy in this case which will assess serious sanctions against plaintiffs, while still not completely precluding them from establishing their case at trial. This approach is consistent with Fifth Circuit authority indicating that district courts should be hesitant to issue dispositive sanctions based on procedural defaults, absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006). While *Johnson* arose in a very different procedural context, the court concludes that a ruling barring all expert testimony on the issue of liability would likely have a dispositive effect in this action. Moreover, it appears to the court that the failure to properly designate expert witnesses was the result of simple neglect and sloppiness, rather than the sort of "contumacious conduct" which might make dispositive sanctions appropriate.

It should be noted at this juncture that plaintiffs' failure to provide proper disclosure extends to a third witness: Bill Hagerman. In seeking the exclusion of this witness, defendant argues as follows:

> It is undisputed by Allen & Hoshall that Mr. Hagerman as the President of one of the Plaintiffs in this matter is not an expert who has been specifically retained or employed to provide expert testimony in this case or controversy. However, Rule 26(a)(2)(D) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi provides as follows:
>
> A party must designate physicians and other witnesses who are not retained or specifically employed to provide expert testimony, but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, **but the party must disclose the subject matter on which the witness is expected to present evidence under FED. R. EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.**
> (Emphasis added).

As is clear from a review of Plaintiffs' Expert Designations quoted above, Plaintiffs did not provide a summary of any facts and opinions which Mr. Hagerman might testify to at the trial of this cause regarding the applicable standard of care governing the performance by Allen & Hoshall's of its design services which are the subject of the Plaintiffs' Amended Complaint and did not provide any summary of the facts and opinions which Mr. Hagerman may provide testimony to regarding any alleged specific breaches thereof by Allen & Hoshall.

The court admits to some confusion regarding Hagerman's exact status in this lawsuit, since he is both the President of one of the plaintiffs in this case but also an experienced engineer who plaintiffs apparently intend to use as an expert witness. It is not entirely clear to this court exactly how plaintiffs would seek to utilize Hagerman's testimony at trial, and, in their brief, defendants express similar uncertainty in this regard.

Defendants' uncertainty is understandable in light of the sparse nature of plaintiffs' expert designation of Hagerman, which merely provided that:

Mr. Hagerman is also a professional engineer, and as such, may be called upon to give expert testimony in his capacity as a professional engineer regarding his examination of the various engineering and flooding analysis reports.

Defendants have sought to exclude Hagerman based on deficiencies in this notice, and there can be little doubt that the above disclosure was not sufficient to comply with the Federal Rules of Civil Procedure. It is thus very clear that plaintiffs "dropped the ball" in their preparation of expert witness designations, and they will, as set forth below, be punished for this failure. Litigation is a search for truth, however, and the court must balance the need to enforce the Rules of Civil Procedure with the jury's need to be able to reach an informed verdict at trial. In the court's view, plaintiffs' submission of deficient expert witness designations should not be the overriding fact of this lawsuit when defendants independently knew that they would have to defend themselves against

specific allegations of negligence in this case. The court also notes that defendants had approximately a year and a half after the experts' depositions to absorb the implications of their testimony and to seek some sanctions short of outright exclusion, such as a continuance and/or the conducting of additional depositions at plaintiffs' expense.

In light of the foregoing considerations, the court issues the following resolution of these matters:

1. Mr. Docauer will be completely barred from offering any expert testimony in this case, although the court leaves open the possibility that he may serve as a fact witness regarding matters within his personal knowledge.

2. The court will permit either Thillien or Hagerman, but not both, to offer expert testimony at trial regarding the standard of care and whether Allen & Hoschall breached it. The court will entertain arguments at trial regarding which of these two witnesses is the most appropriate to serve as an expert witness on the issue of liability. The court does not rule out the possibility that both experts will be excluded if plaintiffs have some other expert witness who can offer reliable testimony regarding the issue of negligence. In deciding this issue, this court's intent will be to ensure that the jury is allowed to reach an informed verdict in this case while still punishing plaintiffs for their failure to comply with the Rules of Civil Procedure.

In order to remove any arguable unfairness to Allen & Hoshall in this regard,[2] this defendant

_____

[2]In seeking to exclude Hagerman's testimony, Allen & Hoshall writes that:
    [C]ounsel for Allen & Hoshall had absolutely no way to properly prepare to
    question Mr. Hagerman regarding these matters prior to his deposition when he
    referenced numerous publications and presented charts and analyses that he had
    conducted.
Presumably, this court's order today will serve to remove any arguable unfairness in this regard.

will be permitted to conduct supplemental depositions of Hagerman and Thillien between the issuance of this order and trial. Each deposition will last a maximum of four (4) hours, and defendant will be entitled to recover its attorneys' fees and expenses relating thereto from plaintiffs. As it turns out, this court's official duties will require it to be out of town during the period in which it had originally scheduled the trial in this matter, and a trial continuance would have been required regardless. Defendant will thus have ample time in which to conduct these depositions, thereby ensuring that it suffers no prejudice in its trial preparations as a result of plaintiffs' failure to properly disclose witnesses.

This court's ruling today will ensure that at least two of the three expert witnesses who plaintiffs improperly failed to designate will be barred from testifying at trial, and it will force plaintiffs to suffer some monetary consequences for their failure to provide proper disclosures. At the same time, this ruling stops short of providing the ultimate sanction of precluding all expert testimony relating to the issue of negligence. It is apparent that plaintiffs have significant civil claims in this lawsuit, and the court concludes that this case should not be decided based on procedural errors by plaintiffs' counsel. The court does not pretend that this resolution is a perfect one, but it does at least attempt to enforce the Rules of Civil Procedure while still permitting the jury to reach an informed verdict at trial.

It is therefore ordered that defendants' motions [81-1, 91-1, 131-1, 135-1] to exclude the expert testimony of David Docauer and Vince Thillien are granted in part and denied in part, and defendant's motion to exclude the testimony of Bill Hagerman [137-1] is granted in part and denied in part. Defendant's motion [145-1] to strike the supplemental expert designation of Mr. Hagerman is denied, but, as noted previously, Hagerman's ability to testify as an expert witness will be finally

decided at trial.  In light of the parties' settlement of plaintiffs' breach of contract claims, the court

will grant defendant's motion [133-1] *in limine* to preclude evidence of any contract breach in this

case.[3]  Based on the court's previously noted scheduling conflicts, the trial in this matter is hereby

continued until a date to be determined later.

So ordered, this the 17th day of March, 2011.


  /s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[3]Plaintiffs argue that defendant has not fully complied with the terms of the settlement, but this does not strike the court as being an issue which can be addressed through its evidentiary rulings at trial.  If plaintiffs feel that defendants have breached their settlement agreement, then this may be addressed through other procedural means.