UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DUNAVANT ENTERPRISES, INC., and**
**CENTRAL STATES INVESTMENT CO.**       **PLAINTIFFS**

v.        Case No. 2:08-CV-005-M-A

**DESOTO COUNTY SCHOOL BOARD**    **DEFENDANTS/**
**OF EDUCATION, and MILTON KUYKENDALL,**
In his official capacity as Superintendent of the     **DEFENDANTS/**
DeSoto County School Board of Education     **THIRD-PARTY PLAINTIFFS**

**v.**

**ALLEN & HOSHALL, INC.,**     **THIRD-PARTY DEFENDANT**

<u>**ORDER**</u>

This cause comes before the court on its own motion, directing that the parties brief the issues of whether

    1) Allen & Hoshall ("A&H") acted as an independent contractor in this case; and

    2) if so, whether this fact absolves Desoto County of vicarious liability for any acts of negligence which A&H committed.

Following the dismissal without prejudice of plaintiffs' claims against A&H for lack of jurisdiction, the plaintiffs' sole remaining claims in this federal lawsuit are their Mississippi Tort Claims Act ("MTCA") claims against Desoto County. Consistent with the provisions of the MTCA, this court will serve as the trier of fact in this matter. In preparation for this role, this court has been taking a closer look at the legal context in which this case will be decided, and it has developed certain concerns which, in its view, should be addressed by the parties prior to trial.

1

The parties have submitted their proposed pre-trial order in this case, and that order contains multiple allegations of negligence against A&H, even though plaintiffs' claims against that defendant have been dismissed. For example, the proposed pretrial order includes the following contested issues:

> 2. Whether Allen & Hoshall was guilty of professional negligence in failing to perform a drainage study taking into consideration full development of the upstream basin.
> 3. Whether Allen & Hoshall comported with the applicable standard of care in the performance of its design services for the Project.
> 4. Whether any actions or inactions on the part of Allen & Hoshall proximately caused the alleged diminution in value to Plaintiffs' property.

It appears from the pretrial order that all parties assume that Desoto County might potentially be held vicariously liable under the MTCA for acts of negligence by A&H.[1] While this assumption may ultimately prove correct, this court is cognizant of the fact that the MTCA provides for vicarious liability on the part of governmental entities for their *employees*, but not for independent contractors.

Indeed, Miss. Code Ann. § 11-46-1(f) provides that the "employee[s]" for whom the governmental entity might be liable do not include "a person or other legal entity while acting in the capacity of an independent contractor under contract to the state or a political subdivision." The Mississippi Supreme Court has defined an independent contractor as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the

---

[1] For example, A&H stipulates in the pretrial order that it will "indemnify and hold the DeSoto County Board of Education and Milton Kuykendall (collectively the 'Board Defendants') harmless from and against any and all damages and liabilities which the Board Defendants may sustain as a result of A&H's actual negligence in the performance of its work for the Board Defendants."

undertaking." *Hodges v. Attala County*, 42 So.3d 624, 626 (Miss. App. 2010), *citing Richardson v. APAC-Miss., Inc.*, 631 So.2d 143, 148 (Miss.1994). The pretrial order in this case asserts that

> On October 4, 2005, the Board entered into a contract with the engineering firm of Allen & Hoshall, Inc. ("A&H") for engineering services in connection with the planned construction of two schools on the Property and associated road and bridge construction.

The plaintiffs appear to allege in the pretrial order that A&H utilized its own discretion and expertise in completing this project, asserting, *inter alia*, that "[a]s part of its work, A&H designed, planned and developed Kirk Road, including a bridge spanning a large ditch running between the Plaintiff's remaining property and the newly purchased property of the School Board."

A recent Mississippi appellate court decision applied § 11-46-1(f) to bar claims which bear considerable similarity to those in this case. In the 2010 decision of *Hodges v. Attala County*, the Mississippi Court of Appeals considered a case where Attala County contracted with an independent contractor to construct a road project where the contractor was responsible for maintaining all traffic barriers and warnings, but there was a supplement to the contract that provided that the county's engineer was "designated to insure that the contractor constructs, installs and maintains the devices called for." *Hodges*, 42 So.3d at 626-27. The plaintiff in *Hodges* argued that, by agreeing to this contractual language, the county undertook a duty of care notwithstanding the general rule barring vicarious liability for the negligence of independent contractors. The Court of Appeals rejected this argument, finding that the supplement to the contract did not impose a duty on the county in this regard, and it accordingly affirmed the trial court's grant of summary judgment to the county. *Id.*

It appears to this court that *Hodges* bears considerable factual similarity to this case, which likewise involves alleged acts of negligence by an (apparently) independent contractor in performing a construction project for a Mississippi county. It may be that *Hodges* will ultimately prove distinguishable from this case, but, at this juncture, the court has serious concerns regarding whether a MTCA action against Desoto County is the proper forum in which to litigate claims of negligence against Allen & Hoshall. This court is hesitant to raise issues of law on its own motion, but it views this issue as being a fundamental one of liability under the MTCA which is in urgent need of clarification before the parties engage in a potentially lengthy and expensive trial.[2] The court therefore directs that the parties submit briefing on the issues raised in this order, and it further advises them to consider whether an MTCA action in federal court is the appropriate venue in which to litigate the issues raised in this case.

So ordered, this the 31st day of August, 2011.

/s/ Michael P. Mills
CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

---

[2]The MTCA generally covers claims arising out of negligence by governmental, not private, actors. As the trier of fact, this court can simply not render a verdict under the MTCA arising out of allegations of negligence by a private actor such as A&H absent authority demonstrating that such is legally permissible.